**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BOURBON BARREL RETREATS LLC,<br><br>                              Plaintiff,<br>     vs.<br><br>WINE TRAIL GETAWAY LLC,<br><br>                              Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Bourbon Barrel Retreats LLC ("BBR" or "Plaintiff"), through its undersigned counsel, brings this action against Defendant, Wine Trail Getaway LLC ("Wine Trail" or "Defendant"), alleging trademark infringement, unfair competition, and dilution of BBR's registered trademark.  By its Complaint, BBR seeks injunctive relief and monetary damages and alleges as follows:

## INTRODUCTION

1. This lawsuit arises out of Wine Trail's unlawful use of a design identical or nearly identical to BBR's federally registered barrel-shaped accommodation design (the "Barrel Mark"), in connection with highly similar accommodation services (the "Accused Design").

2. BBR and its valuable Barrel Mark have been damaged by Wine Trail's infringement, unfair competition, and dilution.  BBR accordingly requests that this Court enjoin Wine Trail from continuing its use of the Accused Design and seeks an award of BBR's actual damages and other monetary relief as identified below.

## PARTIES

3. Plaintiff BBR is a limited liability company organized and existing under Kentucky law, with its principal place of business at 4814 Bardstown Road, Lawrenceburg, KY 40342.

1

4. Upon information and belief, Defendant Wine Trail is a limited liability company organized and existing under Missouri law, with its principal place of business at 15850 Prairie Circle, Saint James, MO 65559. Wine Trail's violations of BBR's rights in its Barrel Mark are occurring in connection with Wine Trail's construction of a temporary accommodation site in Saint James, Missouri.

## JURISDICTION AND VENUE

5. This is an action for infringement of BBR's federally registered trademark under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related state and common law claims. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a) and (b).

6. Wine Trail is subject to this Court's specific and general personal jurisdiction because it resides in this judicial district and committed the acts at issue in this judicial district.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the infringement and events giving rise to the claims occurred, and continues to occur, in this judicial district.

## FACTS

8. BBR operates a campground in Lawrenceburg, Kentucky, marketing its accommodation services on its website at https://www.bourbonbarrelretreats.com/. The hallmark of BBR's campground is its unique, barrel-shaped accommodations, as shown below.



9. Due to the popularity of its distinctive barrel-shaped accommodations, BBR has received highly favorable media attention, including glowing reviews on numerous local television stations, a feature in *Garden & Gun Magazine,* and inclusion in "The 10 Best Hotels for a Festive Christmas Getaway" in *Get Lost Magazine.*

10. To protect the substantial goodwill associated with its barrel-shaped accommodation design, BBR owns U.S. Trademark Registration No. 7,506,396 for the Barrel Mark, covering "*Booking of campground accommodation; providing temporary accommodation; rental of vacation accommodation.*"[1] A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 7,506,396 is attached hereto as **Exhibit 1**. That registration gives BBR nationwide priority in the Barrel Mark going back to September 27, 2023.

11. BBR has invested substantial time, money, and effort to develop and maintain the considerable consumer goodwill it enjoys in its Barrel Mark. Accommodation services marketed in connection with the Barrel Mark have a reputation for high quality. As a result of BBR's investment in protecting and promoting its intellectual property, the Barrel Mark represents a valuable commercial asset.

12. Earlier this year, BBR discovered that Wine Trail was constructing an Airbnb site in Saint James, Missouri with at least one accommodation in the form of a barrel that is identical or nearly identical to the Barrel Mark, as shown below.



---

[1] Registration for the Barrel Mark was assigned to BBR on February 19, 2025.

13. Wine Trail's Facebook page prominently displayed Wine Trail's use of the Accused Design in connection with its temporary accommodation services, as shown below.



14. The Accused Design is confusingly similar—and in practical effect, identical—to the Barrel Mark. The Accused Design and the Barrel Mark create the same commercial impression in the minds of consumers.

15. Wine Trail uses the Accused Design in connection with services nearly identical to the services offered by BBR under the Barrel Mark, namely, providing temporary accommodation and/or rental of vacation accommodation.

16.     Wine Trail's use of the Accused Design is without license or other authorization from BBR.

17.     Wine Trail's use of the Accused Design in connection with accommodation services has infringed and diluted the distinctive quality of the Barrel Mark, thereby causing harm to BBR's reputation and goodwill.

18.     Wine Trail's use of the Accused Design in the field of temporary and/or vacation accommodation has already caused confusion among relevant consumers, as evidenced by comments posted to BBR's Facebook page exemplified below, and is likely to continue to cause confusion unless enjoined.



19. Upon information and belief, Wine Trail's actual or constructive knowledge of the Barrel Mark may date back to least as early as February 2025, when Wine Trail contacted BBR to inquire regarding its distinctive barrel-shaped accommodations. Wine Trail has had actual notice of the Barrel Mark since at least as early as July 8, 2025, when counsel for BBR sent Wine Trail a cease-and-desist letter demanding that it stop using the Accused Design.

20. Despite said knowledge, Wine Trail has persisted in its use of the Accused Design. Wine Trail's ongoing acts of trademark infringement, unfair competition, and dilution are therefore intentional, willful, and malicious.

## COUNT I
## Federal Trademark Infringement
### (15 U.S.C. §§ 1114, *et seq.*)

21. BBR repeats and realleges the allegations of paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. BBR is the owner of a federal trademark registration for the Barrel Mark, U.S. Trademark Reg. No. 7,506,396. The trademark registration is in full force and effect.

23. Notwithstanding BBR's prior rights in the Barrel Mark, Defendant uses the confusingly similar Accused Design in connection with accommodation services that are highly similar to the services offered by BBR in connection with the Barrel Mark.

24. The Accused Design is confusingly similar in appearance and overall commercial impression to BBR's Barrel Mark.

25. Defendant's use of the Accused Design in connection with accommodation services is likely to cause confusion, mistake, or deception of the public as to the source or sponsorship of the services or as to an affiliation between the parties.

26. The relevant public is likely to confuse Defendant's services offered in connection with the Accused Design with BBR's services offered in connection with the Barrel Mark, thereby resulting in damage and injury to BBR.

6

27. The unauthorized acts of Defendant in advertising and promoting services as alleged above constitute trademark infringement of BBR's federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 *et seq.,* to the substantial and irreparable injury of the public and BBR's business reputation and goodwill.

28. The unauthorized acts of Defendant in advertising and promoting services as alleged above were commenced and continue in spite of its actual and/or constructive knowledge of BBR's rights in the Barrel Mark and in spite of its knowledge that such activity was and is in direct contravention of BBR's rights.

29. By committing the acts alleged herein, Defendant has intentionally, knowingly, and willfully infringed the Barrel Mark.

30. BBR has suffered damages as a result of Defendant's willful acts and has no adequate remedy at law.

31. Unless Defendant is enjoined from engaging in such unlawful conduct, BBR will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §§ 1125(a), *et seq.*)

32. BBR repeats and realleges the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. As a result of BBR's branding efforts, the public has come to identify the Barrel Mark with BBR and its services.

34. Defendant, by using the confusingly similar Accused Design in connection with services similar to those offered by BBR under the Barrel Mark, misrepresents and falsely describes to the general public the origin and sponsorship of its services and other commercial activities.

35. Defendant has used the Accused Design with full knowledge of BBR's prior use of the confusingly similar Barrel Mark, and thus its unlawful acts are intentional, willful, and malicious.

36. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origins; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with BBR, or as to the origin, sponsorship or approval of Defendant's services or other commercial activities by BBR.

37. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendant's services or other commercial activities.

38. The aforesaid acts of Defendant constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. BBR has been damaged thereby and has no adequate remedy at law.

40. The aforesaid acts of Defendant have caused, and are causing, irreparable harm and damage to BBR and, unless permanently restrained by this Court, said irreparable injury will continue.

## COUNT III
**Trademark Infringement Under Missouri Common Law**

41. BBR repeats and realleges the allegations of paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. BBR owns protectable rights in the Barrel Mark. Through extensive use, advertising, and media coverage, the Barrel Mark has become distinctive and source-identifying in the minds of consumers.

43. Defendant uses the confusingly similar Accused Design in connection with services in the field of accommodation that are similar to the services offered by BBR under the Barrel Mark.

44. Defendant's use of the Accused Design in connection with accommodation services is likely to cause, and has caused, confusion, mistake, or deception of the public, including among consumers in Missouri, as to the source or sponsorship of the services, or as to an affiliation between the parties.

45. The relevant public is likely to confuse Defendant's services offered in connection with the Accused Design with BBR's services offered in connection with the Barrel Mark, thereby resulting in damage and injury to BBR.

46. These acts constitute trademark infringement in violation of the common law of the state of Missouri.

47. Defendant committed the foregoing acts willfully and with knowledge of BBR's prior rights, or with reckless disregard for those rights, after receiving notice of BBR's Barrel Mark.

48. As a result of Defendant's conduct, BBR has suffered irreparable harm to its goodwill and reputation, as well as monetary damages, including lost sales, harm to brand value, and unjust gains by Defendant.

49. BBR has suffered damages as a result of Defendant's willful acts and has no adequate remedy at law.

50. BBR is entitled to injunctive relief, an award of its actual damages and Defendant's profits attributable to the infringement, corrective advertising as appropriate, and, due to Defendant's willful and malicious conduct, punitive damages under Missouri common law.

## COUNT IV
### Unfair Competition Under Missouri Common Law

51. BBR repeats and realleges the allegations of paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. BBR owns the distinctive Barrel Mark and has used and exercised valid trademark rights in it.

53. Defendant has engaged in unfair competition by adopting and using an identical or nearly identical barrel-shaped accommodation design, overall appearance, and commercial impression for the same or highly similar services, thereby passing off Defendant's services as those of BBR or as being affiliated with, sponsored by, or approved by BBR.

54. Defendant's conduct is likely to mislead and deceive consumers, including in Missouri, regarding the origin, sponsorship, affiliation, or approval of Defendant's services, and wrongfully appropriates BBR's goodwill and reputation.

55. Defendant's unfair competition includes product simulation and palming off through the deliberate replication of BBR's distinctive trade identity to capitalize on BBR's reputation and promotional efforts.

56. Defendant's unfair competition was undertaken willfully and in bad faith, with knowledge of BBR's rights or with reckless disregard of those rights.

57. As a result of Defendant's unfair competition, BBR has suffered irreparable harm and monetary damages, including diverted sales, loss of control over its reputation and goodwill, harm to brand value, and unjust enrichment to Defendant.

58. BBR has no adequate remedy at law for the continuing injury to its goodwill, loss of control over its trade identity, and ongoing consumer deception.

59. BBR is entitled to injunctive relief to prevent further unfair competition, an award of its actual damages and Defendant's unjust profits, restitution or disgorgement, corrective advertising as appropriate, and, due to Defendant's willful and malicious conduct, punitive damages under Missouri common law.

## COUNT V
### Missouri Statutory Trademark Dilution
### (Mo. Rev. Stat. § 417.061)

60. BBR repeats and realleges the allegations of paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. BBR owns valid and protectable rights in the distinctive Barrel Mark in connection with the provision and marketing of temporary and vacation accommodation services.

62. The Barrel Mark is inherently distinctive and, through BBR's extensive use, advertising, promotion, earned media, and consumer recognition, serves as a strong designation of source for BBR's accommodation services.

63. By virtue of BBR's continuous and prominent use of the Barrel Mark, including substantial media coverage and publicity and the associated goodwill, the Barrel Mark was distinctive in Missouri prior to Defendant's adoption and use of the Accused Design.

64. Defendant's use of the Accused Design in connection with accommodation services creates a likelihood of dilution of the distinctive quality of the Barrel Mark by eroding the public's exclusive identification of the Barrel Mark with BBR and otherwise lessening the capacity of the Barrel Mark to serve as a source-identifier of BBR and its services.

65. Defendant's aforesaid acts constitute trademark dilution in violation of Mo. Rev. Stat. § 417.061.

66. Defendant's conduct has been willful and in knowing disregard of BBR's rights, including after receiving actual notice of BBR's Barrel Mark and demand to cease use.

67. As a result of Defendant's acts of trademark dilution, BBR has suffered and will continue to suffer irreparable harm to the distinctiveness, reputation, and goodwill of the Barrel Mark, for which there is no adequate remedy at law.

68. Pursuant to Mo. Rev. Stat. § 417.061, BBR is entitled to injunctive relief against Defendant. Because Defendant willfully intended to trade on BBR's reputation or to cause dilution of BBR's mark, BBR is further entitled to monetary relief under § 417.066.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of BBR and against Defendant and grant the following relief:

      a.      A preliminary and permanent injunction barring Defendant and its officers, agents, servants, employees, retail customers, and all persons acting in concert with Defendant from using in any manner the barrel-shaped accommodation design or any other mark, design, trade dress, or source identifier that is confusingly similar to Plaintiff's Barrel Mark, in connection with the advertising, promotion, offering, or provision of temporary or vacation accommodations services or any related goods or services;

      b.      A mandatory injunction directing Defendant to remove, take down, and cease all use of the Accused Design from any and all websites, social media accounts, third-party listings, online marketplaces, signage, advertisements, promotional materials, and other public-facing materials, and to file with the Court and serve on Plaintiff within thirty (30) days a sworn report setting forth in detail the manner and form in which Defendant has complied with the injunction;

      c.      An order requiring the impoundment and destruction of all materials in Defendant's possession, custody, or control that bear, depict, or reference the Accused Design or any confusingly similar variation of Plaintiff's Barrel Mark, including but not limited to signage, marketing collateral, advertisements, digital files, templates, molds, and any other instrumentalities used to create or display the infringing design;

      d.      An accounting of Defendant's profits attributable to the infringement and unfair competition, and an award to Plaintiff of Defendant's profits, together with Plaintiff's actual damages, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial;

      e.      In view of Defendant's willful, intentional, and malicious conduct, an enhancement of damages, including trebling of damages as permitted by law pursuant to 15 U.S.C. § 1117, and an award of punitive damages under Missouri common law;

    f. An award of the costs of this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) on the ground that this is an exceptional case, and as otherwise permitted by applicable law;

    g. An award of corrective advertising damages or, in the alternative, an order requiring Defendant to undertake corrective advertising sufficient to remedy the confusion and dilution caused by Defendant's conduct, in a manner and scope to be approved by the Court; and

    h. Such other and further relief that the Court may deem just and proper under the circumstances.

    Respectfully submitted,

    BOURBON BARREL RETREATS LLC,

    By its Attorneys,

    */s/ Andrew C. Tedder*
    Andrew C. Tedder, #72553 (MO)
    HINCKLEY, ALLEN & SNYDER LLP
    1000 Eleven South, Ste 4G
    Columbia, IL 62236
    (618) 206-7412
    atedder@hinckleyallen.com

Dated: November 7, 2025

#66745221